**2021 BNH 004**    Note:  This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                                                                  Bk. No. 21-10238-BAH
                                                                                                       Chapter 13
Kevin W. Hopkins,
            Debtor


*Marc L. Van De Water, Esq.*
*Van De Water Law Offices, P.L.L.C.*
*Manchester, New Hampshire*
*Attorney for Debtor*

*Lawrence P. Sumski, Esq.*
*Manchester, New Hampshire*
*Chapter 13 Trustee*


## MEMORANDUM OPINION

### I.  INTRODUCTION

On May 19, 2021, Lawrence P. Sumski, the chapter 13 trustee (the "Trustee") filed an objection to the Debtor's claim of exemption under New Hampshire RSA 480:3-a (Doc. No. 19) (the "Objection").  In Schedule C, the Debtor asserted the homestead exemption of his deceased spouse in their marital home.  On June 15, 2021, the Debtor filed a response to the Objection, reiterating that a surviving spouse can assert the homestead right of a deceased spouse pursuant to RSA 480:3-a (Doc. No. 34).  The Court held a hearing on June 25, 2021, and ordered the parties to file a joint statement of stipulated facts by July 23, 2021, and memoranda of law on or before September 1, 2021 (Doc. No. 35).  The parties filed a joint statement of stipulated facts on July 21, 2021 (Doc. No. 44).  The parties filed memoranda of law on August 25, 2021 (Doc. No.

46) and September 1, 2021 (Doc. No. 47).  The Court heard oral argument on the Objection on October 1, 2021, and took the matter under advisement (Doc. No. 52).

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and Local Rule 77.4(a) of the United States District Court for the District of New Hampshire.  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

**II.  FACTS**

The facts are straightforward.  The Debtor and his late spouse purchased property located at 27 Hunt Pond Road in Sandown, New Hampshire (the "Residence") as joint tenants with rights of survivorship.  The deed was recorded on August 31, 2007.  The Debtor's spouse died on February 28, 2017.  At the time of her death, the Debtor and his spouse were married, and the couple lived together in the Residence.

The Debtor filed a chapter 13 bankruptcy petition on April 14, 2021 (Doc. No. 1).  He listed the Residence on Schedule A/B as being worth $429,000.00, noting it was "co-owned with deceased spouse--Debtor entitled to her homestead exemption as well as Debtor's unde[]r RSA 480:3a." On Schedule C, the Debtor claimed three exemptions in the Residence: (a) $120,000.00 under NH RSA 480:1; (b) $120,000.00 under NH RSA 480:3-a; and (c) $2,500.00 under NH RSA 511:3(XVIII).  The Trustee timely objected to the Debtor's homestead exemption claim under RSA 480:3-a; he did not object to the Debtor's other exemption claims.

While in bankruptcy, the Debtor filed a motion to sell the Residence (Doc. No. 11).  That motion was granted on June 2, 2021 (Doc. No. 25).  The sale closed with the Residence selling for $510,000.00. After paying the mortgagee's claim, closing costs, a real estate broker's commission, the Debtor's $120,000.00 homestead exemption under RSA 480:1, and the total

2

amount due under the Debtor's unconfirmed chapter 13 plan, there remained $108,868.58 in net proceeds to be held by Debtor's counsel pending resolution of the homestead exemption dispute (Doc. No. 41). The amount held in escrow was reduced to $43,000.00, pursuant to a further court order, as the parties agreed that the reduced amount should be sufficient to pay all timely filed unsecured claims, as well as all fees due under the Debtor's unconfirmed plan (Doc. No. 41).

**III. DISCUSSION**

The issue before the Court is whether the Debtor is entitled to claim a separate exemption under RSA 480:3-a and retain proceeds from the sale of the Residence on account of that exemption. For the reasons set forth below, the Trustee's Objection is sustained. The Debtor cannot exempt an interest in the Residence or the sale proceeds pursuant to RSA 480:3-a. Accordingly, the funds held in escrow must be paid into the Debtor's chapter 13 plan so that the plan meets the requirements of 11 U.S.C. § 1325.

> RSA 480:3-a provides:
>
> The owner and the husband or wife of the owner are entitled to occupy the homestead right during the owner's lifetime. After the decease of the owner, the surviving wife or husband of the owner is entitled to the homestead right during the lifetime of such survivor.

The Trustee notes that RSA 480:3-a is titled "Duration." RSA 480:1, on the other hand, is titled "Amount." RSA 480:1 provides in relevant part that "[e]very person is entitled to $120,000 worth of his or her homestead, or of his or her interest, therein as a homestead." The Trustee argues that the plain language of RSA 480:3-a refers to "occupancy" and "duration," not "value" or "amount." The owner and the owner's spouse are entitled to "occupy … the homestead … during … the owner's lifetime … and during the lifetime of such survivor." RSA 480:3-a. Thus,

3

the statute is concerned with providing an owner's spouse with a homestead during both the owner's lifetime and during the lifetime of the surviving non-owner spouse.

The Debtor argues that the Trustee seeks to eliminate the dual nature of the homestead right, which according to the Debtor includes both occupancy and amount. He states that the Trustee is erroneously focusing only on occupancy and not the amount. In support of the Debtor's contention that the homestead right has a dual nature, the Debtor cites "The Eighth Biennial Report of the Judicial Council of the State of New Hampshire" dated December 31, 1960 (the "Report"), which discusses a proposal to abolish the homestead rights of minors under RSA 480. Citing the Report, the Debtor contends that, since 1851, New Hampshire's homestead act has focused on providing a surviving spouse with both a right to occupy the homestead and to claim an exemption in the then applicable dollar amount: "After decease of the owner, the surviving spouse of the owner, during his or her lifetime and the children during their minority, are entitled to occupy the homestead right, that is to claim an exemption of $1500.00 in the homestead free from the attachment of creditors (RSA 480:3." Report at 19. While the language of the Report as cited by the Debtor is accurate, the entire focus of this section of the Report is the elimination of the rights of minor children of the owner under the homestead statute, not whether a surviving owner spouse is entitled to double his or her homestead exemption by adding to the owner's homestead exemption that of the deceased spouse or co-owner. To the extent that the Report is relevant at all, the context of the quoted portion is the "surviving spouse of the owner" being able to continue to occupy the homestead (or claim an exemption of $1,500.00) once the owner dies. In other words, it is at the owner's death that the surviving spouse's rights to claim the homestead arise, so the duration of those rights commences upon the

4

death of the spouse. If the surviving spouse already has his or her own homestead rights as a co-owner, the duration of those rights is not affected by the predeceasing spouse.

Thus, in the Court's view, RSA 480:3-a is designed to protect spouses who do not hold an ownership interest in the homestead property themselves and is focused on the duration of the spouse's homestead right. The Court finds support for this view in various decisions of the New Hampshire Supreme Court, as well as in federal court opinions.

In 1885, the New Hampshire Supreme Court confirmed that the homestead law as written in 1851 was focused on occupation, ensuring that a widow had "a right to use and occupy for life" the family homestead. Lake v. Page, 63 N.H. 318, 318 (1885). The homestead law was amended in 1868. See id. The New Hampshire Supreme Court explained that under the amended law the widow would have a "a vested estate for life in the premises," which she could occupy as a homestead or sell off. Id. at 319. Again, in Folsom v. Folsom, 68 N.H. 310, 310 (1895), the New Hampshire Supreme Court emphasized occupancy by noting that the wife of an owner "is entitled to occupy [the homestead] during her life."

Nearly one hundred years later, in 1993, the New Hampshire Supreme Court explained in Boissonnault v. Savage, 173 N.H. 229, 232 (1993), that RSA 480:3-a "merely establishes the duration of the homestead right; it does not define the nature of the right itself." Further, in Maroun v. Deutsche Bank Nat'l Trust Co., 167 N.H. 220, 226 (2014), the New Hampshire Supreme Court explained:

> The statutory protection of the homestead right also extends to spouses who occupy the homestead but are not title owners of the property: "The owner and the husband or wife of the homeowner are entitled to occupy the homestead right during the owner's lifetime," and, after the owner's death, the surviving spouse is entitled to the homestead right during his or her lifetime. RSA 480:3-a; see Bothell v. Sweet, 6 A. 646, 648 (N.H. 1886) (concluding that plaintiff's homestead right was not affected by three mortgages in which she did not join because she "preserved her homestead right by occupation"). The

5

statute, therefore, contemplates a homestead right in both spouses, even when only one spouse legally owns the homestead. See RSA 480:3-a.

In 2019, the New Hampshire Supreme Court quoted Maroun, stating that "'[t]he statutory protection of the homestead right' applies not only to the homeowner, but 'also extends to spouses who occupy the homestead but are not title owners of property.'" Sabato v. Fed'l Nat'l Mort. Ass'n, 172 N.H. 128, 132 (2019). The court stated further that "[w]e long ago recognized that '[t]he homestead right is merely an inchoate right, which is not assignable until the homestead is set out and assigned in specific property. It then becomes a vested estate.'" Id. at 137 (citations omitted).

Also, in 2019, the Court of Appeals for the First Circuit cited Maroun in Deutsche Bank Nat'l Trust Co. v. Pike, 916 F.3d 60, 68 (1st Cir. 2019), explaining:

> When a married couple resides together in a home, the homestead right "extends to … both spouses, even when only one spouse legally owns the homestead." Maroun v. Deutsche Bank Nat'l Tr. Co., 167 N.H. 220, 109 A.3d 203, 208 (2014) (citing N.H. Rev. Stat. Ann. § 480:3-a); see also N.H. Rev. Stat. Ann. § 529:20-a. The homestead right of a property owner's spouse is established once he or she physically occupies the subject property. Walbridge v. Estate of Beaudoin, 163 N.H. 804, 48 A.3d 964, 966 (2012).

And in In re Visconti, 426 B.R. 422, 426 (Bankr. D.N.H. 2001), Judge Deasy of this Court wrote:

> [T]he homestead exemption under RSA 480:1 requires both occupancy and ownership. However, a spouse who does not hold an ownership interest does have a right to occupy the homestead during the owner-spouse's lifetime and can claim a homestead right for their life after the death of the owner-spouse. See RSA 480:3–a. … Under New Hampshire law, individuals may claim a homestead interest only in property that they or their spouse own. … Ownership must exist either in the person claiming the homestead or that person's spouse.

Taking these cases together, the Court finds that the exemption in RSA 480:3-a is for spouses who do not have an ownership interest in their residence at the time of the homeowner's death. Residents who have an ownership interest in their residence can assert their own

6

homestead exemption upon a spouse's death.  Because the Debtor did have an ownership interest in the Residence at the time that he filed bankruptcy, he was able to claim a homestead exemption in the amount of $120,000.00 pursuant to RSA 480:1; therefore, he did not need further protection and should not be able to assert an additional homestead exemption under RSA 480:3-a.  The Debtor's own homestead exemption provides him with "the shelter of the homestead roof" and "protects [him] from destitution."  Maroun, 167 N.H. at 225-26 (quoting Deyeso v. Cavadi, 165 N.H. 76, 79-80 (2013)).

## IV.  CONCLUSION

For the reasons set forth above, the Objection is sustained.  The Debtor may not assert an exemption under RSA 480:3-a in the Residence or in proceeds from its sale.  The funds being held in escrow must be paid into the Debtor's chapter 13 plan to satisfy the requirements of 11 U.S.C. § 1325.  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

ENTERED at Concord, New Hampshire.

Date:  November 5, 2021  /s/ Bruce A. Harwood
Bruce A. Harwood
Chief Bankruptcy Judge